UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER CUMMINGS BEY,

    Plaintiff,                             CIVIL ACTION NO. 06-14909

v.                                     DISTRICT JUDGE ARTHUR J. TARNOW

PATRICIA CARUSO,               MAGISTRATE JUDGE DONALD A. SCHEER
K. ROMANOWSKI,
M.J. PASS, P. BOURNE,
J. EATON, C. INGRAM,
B. WATSON, and
F. NIEDERMYER,

    Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\*    \*    \*

Plaintiff, while incarcerated at the Gus Harrison Correctional Facility (ARF),[1] in Adrian, Michigan filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on October 31, 2006, against the above named defendants alleging that they had engaged in a conspiracy to punish him for exercising his religious faith. Claiming violations of several rights guaranteed by the federal constitution, Plaintiff sought declaratory and injunctive relief as well as monetary damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

---

[1]Plaintiff is still incarcerated at ARF.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003). He must also administratively exhaust his claim as to each defendant associated with the claim. Burton v. Jones, 321 F.3d 569, 574 (6th Cir.2003). In the case of a mixed complaint, which

2

contains both unexhausted and exhausted claims, the Sixth Circuit has ruled that total exhaustion of all claims is required under the PLRA. Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005).

Plaintiff has not attached any grievances to his Complaint. As a result, he has failed to show that he even attempted to exhaust his administrative remedies as to any of the above named defendants. The PLRA clearly makes exhaustion as to each defendant and claim a pleading requirement, which cannot be cured later in the litigation. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002). Therefore, the time for proving exhaustion is when the original complaint is filed, and not later.

Plaintiff has failed to show that he pursued grievances against all the defendants at all levels of administrative review, or that he was precluded from doing so. As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies. Brown v. Toombs, 139 F.3d at 1104; White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997). Given this recommendation, Plaintiff's Motion to Appoint Counsel (Docket #3) and Motion for a Preliminary Injunction (Docket #5) should be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: December 27, 2006

**CERTIFICATE OF SERVICE**

     I hereby certify on December 27, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 27, 2006. **Walter Cuimmings Bey, Diane M. Smith.**

                                       s/Michael E. Lang
                                       Deputy Clerk to
                                       Magistrate Judge Donald A. Scheer
                                       (313) 234-5217