# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WALTER CUMMINGS BEY, *pro se*,

      Plaintiff,

Case No. 06-14909

v.

District Judge Arthur J. Tarnow
Magistrate Judge Donald A. Scheer

PATRICIA CARUSO, *et al.*,

      Defendants.

_____/

## AMENDED ORDER REJECTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [DE 36], DENYING DEFENDANT'S MOTION TO DISMISS [DE 31], AND GRANTING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL [DE 3] AND PRELIMINARY INJUNCTION [DE 5]

Before the Court is Defendant's Motion to Dismiss for Lack of Exhaustion [DE 31], as well as Plaintiff's Motions for appointment of counsel [DE 3] and preliminary injunction/temporary restraining order [DE 5]. On July 25, 2007, Magistrate Judge Scheer issued a Report and Recommendation (R&R) [DE 36] recommending that the Defendant's motion to dismiss be granted. Plaintiff filed objections. This Court agrees with the Plaintiff's objections, and rejects the Report and Recommendation.

Plaintiff's claim under 42 U.S.C. § 1983 asks the Court to consider whether a Michigan Department of Corrections Policy Directive, PD 03.01.110, that prohibits the use of any name other than a prisoner's commitment name or one legally changed by court order, offends a prisoner's right to Free Exercise. The R&R did not address Plaintiff's underlying complaint of a First Amendment violation, relying solely on Plaintiff's "deliberate failure to seek a postal loan." That postal loan was necessary to mail a Step III grievance, which would have exhausted Plaintiff's available remedies, as required by the Prison Litigation Reform Act, 42 U.S.C.A. § 1997e

However, Plaintiff's "failure" was his insistence on using his religiously motivated suffix when he signed his name to the postal loan form. In a classic Catch-22, granting Defendant's Motion to Dismiss for lack of exhaustion would permit operation of the challenged Policy Directive, and thus foreclose a hearing on its constitutionality. Because the procedural question of exhaustion is inextricably intertwined with the merits of this case, dismissal would be premature.

As to the merits, *Moorish Science Temple of America, Inc. v. Benson*, 86 F.3d 1159, 1996 WL 280076 (8th Cir. 1996) (unpublished) is directly on point. In that case, prisoners brought suit when they were prohibited from using religiously motivated name suffixes, unless the names were legally changed.

The religious practice at issue in *Moorish Science Temple* was identical to that argued by Plaintiff here, including a tenet that one does *not* change one's name through the court. 1996 WL 280076, *1. The Eighth Circuit reviewed the lower court's grant of summary judgment for the defendant prison officials. *Id*. It held that defendants had failed to establish any security or administrative interests that would be impaired by permitting use of the suffixes. *Id.* at *2.

Based on the foregoing analysis, the Court hereby REJECTS the Report and Recommendation [DE 36] as the findings and conclusions of the Court. Therefore,

IT IS ORDERED that Defendant's Motion to Dismiss [DE 31] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel [DE 3] be GRANTED, and his request for counsel be forwarded to the *pro bono* program.

IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction be GRANTED, insofar as Plaintiff is to be granted access to the courts, under the policies and rules of the Michigan Department of Corrections.

SO ORDERED.

s/Arthur J. Tarnow
UNITED STATES DISTRICT UDGE

DATE:   September 28, 2007

Certificate of Service

The undersigned certifies that a copy of the foregoing Order was served on the attorneys and/or parties of record herein by electronic means and/or First Class U.S. Mail on **September 28, 2007**.

s/Kim Grimes
Deputy Clerk