UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER CUMMINGS BEY,

      Plaintiff,                        CIVIL ACTION NO. 06-14909

v.                                   DISTRICT JUDGE ARTHUR J. TARNOW

PATRICIA CARUSO,            MAGISTRATE JUDGE DONALD A. SCHEER
K. ROMANOWSKI,
M.J. PASS, P. BOURNE,
J. EATON, C. INGRAM,
B. WATSON, and
F. NIEDERMYER,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for a Partial Summary Judgment should be DENIED, as he has failed to provide admissible evidence that the Moorish Science Temple of America prohibits legal name changes, or that he would violate his religion by signing his name without the "Bey" suffix.

\*   \*   \*

Plaintiff, while incarcerated at the Gus Harrison Correctional Facility (ARF),[1] in Adrian, Michigan filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on October 31, 2006, against the above named defendants alleging that they had engaged in a conspiracy to punish him for exercising his religious faith. Plaintiff was required to use his commitment surname (Cummings) when signing official disbursement forms allowing prison authorities to deduct money from his prison account to pay for postage needed to mail a prison

---

[1] Plaintiff is still incarcerated at ARF.

grievance. Prison authorities returned Plaintiff's grievance for lack of postage since the deliberate use of the religiously motivated suffix (Cummings-Bey) on the disbursement form would not allow reimbursement from Plaintiff's prison account under his commitment name[2].

A Michigan Department of Corrections (MDOC) regulation mandates that the name under which an inmate was committed to the MDOC must be used on all official department documents throughout the prisoner's incarceration.  See Policy Directive 03.01.110(D) (effective August 31, 1998).  While Plaintiff is permitted to change his legal name while incarcerated, the name will not be officially recognized by prison officials unless the inmate obtains a probate court order. PD 03.01.110(A).  Upon receipt of the court order changing the name of a prisoner, the prison's records supervisor is obligated to ensure that the new legal name is entered on all official department documents[3]. PD 03.01.110(B).

Plaintiff brings this action, now assisted by appointed counsel, challenging the constitutionality of PD 03.01.110.  He claims that he is a member of a religious group known as the Moorish Science Temple of America (MSTA).  Plaintiff argues that one tenet of the religion is that members must proclaim their nationality by adding the religious suffix "Bey" or "El" to their names.  Plaintiff states that complying with the prison directive by

---

[2] In an Order dated September 28, 2007, the court excused Plaintiff's failure to exhaust his administrative remedies.  The court ruled that granting Defendants' Motion to Dismiss for lack of exhaustion "would permit operation of the challenged policy directive, and thus foreclose a hearing on its constitutionality."
(See Amended Order Rejecting Magistrate Judge's Report and Recommendation at Docket #40).

[3] Prior to April 1996, the MDOC allowed prisoners to officially change their names by simply filing a notarized affidavit.  Since Plaintiff was incarcerated on July 9, 2002, he was not able to change his name on prison records without a court order.

seeking a legal name change offends his right to the Free Exercise of Religion Clause of the First Amendment. He also claims that the prison directive is not justified by any legitimate penological interest.

Plaintiff filed a Motion for Partial Summary Judgment on September 16, 2008, seeking a declaratory ruling that the policy directive violated his First Amendment rights. Defendants filed a response in opposition to the Partial Summary Judgment motion on January 30, 2009, raising, inter alia, a procedural issue concerning the validity of the only affidavit supporting the dispositive motion.

Plaintiff's affidavit indicates that his religion prohibits him from obtaining a legal name change through the probate court (See paragraph 7 of Plaintiff's Declaration, attached to his Motion for Partial Summary Judgment). Defendants maintain that the affidavit is defective because Plaintiff is not an authority on the requirements and prohibitions of the MSTA. Defendants argue that Plaintiff must attach an affidavit from a qualified expert on the teachings and requirements of the MSTA, verifying that obtaining a legal name changes violate religious tenets of the organization. As a result, Defendants assert that Plaintiff violated Rule 56 of the Federal Rules of Civil Procedure by not properly authenticating his supporting affidavit.

In a reply to Defendant's Opposition to Partial Summary Judgment, dated February 11, 2009, Plaintiff argues that his affidavit was properly supported since he was competent to testify on the requirements of his own religion. For reasons stated below, the Court should deny Plaintiff's Motion for Partial Summary Judgment as he is not an authority on the requirements and prohibitions of the MSTA.

3

STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION

Federal Rule of Civil Procedure 56 provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

4

      Fed.R.Civ.Proc. 56(e)

In his affidavit, Plaintiff indicates that "my religion does not require me to change my name and in fact forbids it because I am not changing my name by using the tribal name Bey." (paragraph 7 of Plaintiff's Declaration). Moreover, according to Branch Temple Information, a compilation of newspaper articles intended to bring disparate MSTA temples in line with the teachings of Islam, attached by Plaintiff to his dispositive motion, members are directed to "put your nationality down or make it known, when and where it is called for." (See Branch Temple Information, page 7, attached as Exhibit #2). Plaintiff's statement and the newspaper advisory seem to suggest that it is not mandatory to write down one's name with the tribal designation suffix on all occasions.

      Plaintiff's affidavit does not establish that he is an authority on the requirements and prohibitions of the MSTA. He does not claim to be a clergyman, nor does he mention ever obtaining specialized training/education in the fundamental principles of the religious organization. As a result, he is not competent to testify as to religious requirements of the MSTA. In order to comply with Rule 56, Plaintiff must come forward with additional evidence from which this Court could conclude that: 1) the MSTA prohibits legal name changes; and 2) that MSTA members violate the tenets of their religion by simply signing their names without the Bey or El suffix. Accordingly, Plaintiff's Motion for Partial Summary Judgment should be denied, as he has failed to support his summary judgment pleading with admissible evidence demonstrating that the tenets of his religion prohibit him from obtaining a legal name change in order to comply with the prison policy directive.

      As an additional defense to the Partial Summary Judgment motion, Defendants claim that they are entitled to qualified immunity. Before analyzing a qualified immunity

defense, courts must first determine whether the plaintiff has alleged facts which, when taken in the light most favorable to the plaintiff, show that the official's conduct violated a constitutionally or statutorily protected right. Saucier v. Katz, 533 U.S. 194 (2001). At this stage of the litigation, Plaintiff can still produce admissible evidence, through an affiant competent to testify, demonstrating that the challenged policy directive violated his First Amendment rights. As a result, the issue of whether Defendants are entitled to qualified immunity is not yet ripe for determination.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

                                s/Donald A. Scheer
                                DONALD A. SCHEER
                                UNITED STATES MAGISTRATE JUDGE

DATED: February 27, 2009

---

### CERTIFICATE OF SERVICE

I hereby certify on February 27, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 27, 2009: **None.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217