**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| WALTER CUMMINGS BEY, #417330, | Case No.  06-14909 |
| Plaintiff, | DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | |
| PATRICIA CARUSO, *et al.*, | MAGISTRATE JUDGE DONALD A. SCHEER |
| Defendants._____/ | |

**ORDER REJECTING THE FINDINGS OF THE**
**REPORT AND RECOMMENDATION [59]**
**and**
**DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [48]**

This is a prisoner civil rights case, brought under 42 U.S.C. § 1983, wherein Plaintiff complains of a conspiracy to punish him for appending to his last name a suffix, "Bey," which Plaintiff asserts is required by his religious beliefs.

Before the Court is the Magistrate Judge's Report and Recommendation [59] filed February 27, 2009, on Plaintiff's Motion for Partial Summary Judgment [48].  The Report and Recommendation ("R&R") recommends that Plaintiff's Motion be denied because "[Plaintiff] has failed to support his summary judgment pleading with admissible evidence demonstrating that the tenets of his religion prohibit him from obtaining a legal name change in order to comply with the [relevant] prison policy directive." *See* R&R at 5. On March 9, 2009, Plaintiff timely filed Objections [60] to the Magistrate's report. On March 23, 2009, Defendants filed a Response [61], and on March 27, 2009, Plaintiff filed a Reply [62].

Those filings are now before the Court.

**I. STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders generally will not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598,

603 (6th Cir. 2001). However, the Court reviews *de novo* any objections to a magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

Here, Plaintiff has filed Objections, and his assignments of error are considered below.

## II. PLAINTIFF'S OBJECTIONS

In his Objections [60], Plaintiff argues in part that "the Magistrate Judge was wrong in holding that Plaintiff's declaration and the documents attached to the declaration and motion are inadmissable to show Plaintiff's religious beliefs." *See* Pl.'s Obj. at 7-13. Plaintiff appears to be correct in arguing that this evidentiary ruling is the "single ground" upon which the Magistrate recommends denial of Plaintiff's summary judgment motion. *See id.* at 1; R&R at 3-5.

Regarding only the foregoing evidentiary analysis, and for the reasons stated in Plaintiff's Objections, the Court **GRANTS** Plaintiff's Objections [60] on this issue, and **REJECTS** the findings of the Report and Recommendation. *See* Pl.'s Obj. at 7-13.

## III. FURTHER FINDINGS

Also in his Objections [60], and reiterating the relief requested in his Motion for Partial Summary Judgment [48], Plaintiff argues again that he is entitled to partial summary judgment on the issue of the constitutionality of the prison policy directive that has been applied in this case. *See* Pl.'s Obj. at 14-19.

Citing *Turner v. Safley* for its four-factor test of the validity of a prison regulation that impinges on an inmate's constitutional rights, Plaintiff notes that such a regulation is valid only "if it is reasonably related to legitimate penological interests." Pl.'s Obj. at 15-16 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff argues that, here, "there is no legitimate penological interest to justify enforcing the policy directive to prohibit Plaintiff from using his religious name." *Id.* at 17-19.

In Response [61], Defendants cite to the text of the policy directive itself to support their argument that "the purpose [of the regulation] is to ensure inmates are consistently identified while in prison," and assert that "[a]llowing inmates to change their names legally accommodates the inmate's religious practice while still maintaining an identification system to serve legitimate penological objectives to consistently identify each prisoner." *See* Defs.' Resp. at 3 (citing MDOC

PD 03.01.110).

For purposes of its review of Plaintiff's Motion for Partial Summary Judgment [48], the Court finds that genuine issues of material fact preclude a grant of partial summary judgment in Plaintiff's favor.  *See* Fed. R. Civ. P. 56.

Therefore, the Court having reviewed the Report and Recommendation and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the evidentiary findings of the Report and Recommendation [59] are **REJECTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment [48] is **DENIED**.

This matter shall be referred to the case manager to be set for a scheduling conference.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager